**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

------------------------------------------------------x
SAMUEL DOORES, *et al.*,   :   CIVIL ACTION NO. 12-1499
   Plaintiffs,     :
           :   JUDGE MORGAN
vs.          :
           :   MAGISTRATE WILKINSON
ROBERT RESOURCES, L.L.C.,  :
   Defendant.     :
------------------------------------------------------x

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

   Plaintiffs, by and through undersigned counsel, hereby file their opposition to Defendant's Motion for Summary Judgment [Dkt. No. 18] and accompanying Memorandum in Support [Dkt. No. 18-1].  For all of the reasons provided in this memorandum, Defendant's Motion should be denied.  In the alternative, Plaintiffs request additional time to conduct discovery.

# <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ...................................................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND ............................................1

III. OPPOSITION TO DEFENDANT'S STATEMENT OF UNCONTESTED FACTS ..............3

      A.   The Court should not Rely on Paragraphs 22-29, 32-39, 42-49, 53, 55, 56, 58, 60, and 62 in Defendant's Statement of Facts ............................................................3

      B.   Even without Formal Discovery, a Genuine Dispute of Material Fact Exists as to Fact Numbers 1-4, 56, 58, 60, 62, 65, 67, and 69 ................................................4

      C.   Defendant's Purported Facts do not Apply to all the Stores that are the Subject of this Lawsuit, nor do they Apply to the Defendant in this Case ............................6

      D.   Alternatively, Plaintiffs Seek Discovery as to a Number of Material Facts and Additional Facts Alleged in Plaintiffs' Complaint ..........................................7

IV.  LAW AND ARGUMENT ....................................................................................9

      A.   Summary Judgment Standard ...........................................................................9

      B.   Summary Judgment is not Appropriate as to Defendant's Willful / Reckless Violations of FACTA ....................................................................................10

            1.   FACTA's willfulness requirement ...................................................10

            2.   Defendant cannot meet its burden as to a lack of a "knowing" and/or "reckless" violation of FACTA .......................................................11

                (a)  willfulness / recklessness under FACTA is rarely appropriate for summary judgment ..............................................................11
                (b)  Defendant's facts should be stricken and/or are contradicted by Plaintiffs' evidence ..............................................................13
                 (c)  Even accepting Defendant's facts as undisputed, Defendant still cannot prevail on summary judgment ............................................13
                 (d)  Defendant's two cases are outlier opinions, and are also distinguishable ...17

            3.   Alternatively, summary judgment is not appropriate as to the question of whether Defendant is vicariously liable ...........................................20

      C.   Evidence Exists to Find that Robert Resources LLC is a Proper Party Defendant....21

V.   CONCLUSION ..................................................................................................21

## TABLE OF CASES

*Adickes v. S.H. Kress & Co.*,
398 U.S. 144 (1970)......................................................................................................10

*Aliano v. Joe Caputo and Sons*,
No. 09-910, 2011 WL 1706061 (N.D. Ill. May 5, 2011)........................................12, 15

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)......................................................................................................10

*Bagdadi v. Nazar*,
84 F.3d 1194 (9th Cir. 1996) ........................................................................................18

*Buechler v. Keyco, Inc.*,
No. 09-2948, 2010 WL 1664226 (D. Md. Apr. 22, 2010)............................................19

*Cahline v. General Motors Acceptance Corp.*,
936 F.2d 1151 (11th Cir. 1991) ....................................................................................12

*Cairns v. GMAC Mortgage Corp.*,
No. 04–1840, 2007 WL 735564 (D. Ariz. Mar. 5, 2007) .............................................12

*Cowley v. Burger King*,
No. 07-21772, 2008 WL 8910653 (S.D. Fla. May 23, 2008).......................................11

*Edwards v. Toys "R" Us*,
527 F.Supp.2d 1197 (C.D. Cal. 2007) ................................................................. *passim*

*Guimond v. Trans Union Credit Information Co.*,
45 F.3d 1329 (9th Cir. 1995) ........................................................................................12

*Jones v. Federated Financial Reserve Corp.*,
144 F.3d 961 (6th Cir. 1998) ........................................................................................20

*Keller v. Macon County Greyhound Park, Inc.*,
No. 07-1098, 2011 WL 1559555 (M.D. Ala. Apr. 25, 2011)...........................17, 18, 19

*Lenox v. Equifax Information Services LLC*,
No. 05–01501, 2007 WL 1406914 (D. Or. May 7, 2007) .............................................12

*Murray v. New Cingular Wireless Servs., Inc.*,
523 F.3d 719 (7th Cir. 2008) ........................................................................................11

*Najarian v. Charlotte Russe*,
No. 07-501, 2007 U.S. Dist. LEXIS 95606 (C.D. Cal. Aug. 16, 2007)...........17, 18, 19

*Safeco Ins. Co. of Am. v. Burr*,
551 U.S. 47 (2007)..........................................................................................2, 10, 18

*Sander v. W&W Wholesale Inc.*,
No. 11-3557, 2011 WL 4840978 (N.D. Ill. Oct. 12, 2011) ........................................19

*Shurland v. Bacci Café & Pizzeria on Ogden, Inc.*,
259 F.R.D. 151 (N.D. Ill. 2009)...............................................................................11

*Shurland v. Bacci Café & Pizzeria On Ogden, Inc.*,
No. 08-2259, 2011 WL 3840339 (N.D. Ill. Aug. 30, 2011) .......................................11

*Smith v. Bob Smith Chevrolet, Inc.*,
275 F.Supp.2d 808 (W.D. Ky. 2003).........................................................................12

*Soualian v. International Coffee & Tea, LLC*,
No. 07-502, 2008 WL 410618 (C.D. Cal. Feb. 9, 2008) ............................................11

*Ticknor et al. v. Rouse's Enterprises, LLC*,
No. 12-1151 (E.D. La. filed May 7, 2012) ...................................................2, 3, 9, 19

*United States v. Vista Paint Corp.*,
976 F.2d 739, 1992 WL 236898 (9th Cir. 1992) .......................................................18

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

```
--------------------------------------------------x
SAMUEL DOORES, et al.,              :       CIVIL ACTION NO. 12-1499
        Plaintiffs,                 :
                                    :       JUDGE MORGAN
vs.                                 :
                                    :       MAGISTRATE WILKINSON
ROBERT RESOURCES, L.L.C.,           :
        Defendant.                  :
--------------------------------------------------x
```

## I.   <u>INTRODUCTION</u>

Plaintiffs, by and through undersigned counsel, file this Memorandum in Opposition to Defendant's Motion for Summary Judgment [Dkt. No. 18-1] ("Def. Br."). Defendant, who is able to cite only two non-published district court decisions in support of its argument, asks this Court to rely on a series of self-serving conclusory affidavits and enter summary judgment in its favor. For the reasons provided below, Defendant's Motion should be denied.

Alternatively, since Defendant's motion relies heavily on factual assertions relating to 'who knew what and when', comprised of seventy-four factual assertions [Dkt No. 20], summary judgment is not appropriate at this time. No discovery has occurred yet in this case, and the Court alternatively should stay its determination of Defendant's Motion until Plaintiffs have been allowed to take discovery.

## II.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiffs are bringing a consumer class action against Robert Resources, LLC, a grocery store chain, alleging violations of Section 1681c(g) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and the Fair and Accurate Credit Transactions Act ("FACTA"). At issue is Defendant's alleged failure to truncate the expiration dates printed on receipts provided to credit and/or debit cardholders at the points-of-sale ("POS"). Plaintiffs allege that Defendant

acted willfully in violation of the law, which the Supreme Court held encompasses not only knowing and intentional violations of FACTA, but reckless ones as well. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 71 (2007) ("reckless disregard of a requirement of FRCA would qualify as a willful violation within the meaning of § 1681n(a)").

This is one of two pending FACTA actions, the other being against Rouse's which contains similar allegations and was filed a month before this action. *See Ticknor et al. v. Rouse's Enterprises, L.L.C.*, No. 12-1151 (E.D. La. filed May 7, 2012). In *Rouse's*, the defendant moved to dismiss on July 2, 2012 [Dkt. No. 10], to which plaintiffs responded on July 9, 2012 [Dkt. No. 12]. The defendant presented a number of issues, including whether or not plaintiffs had adequately pled a "willful" violation of FACTA. Importantly, Robert Resources, the Defendant in the instant matter, moved the Court (with Plaintiffs' consent) to extend the responsive pleading deadline until *after* the Court in *Rouse's* ruled, given the similarity between the issues to be resolved by the Court. [Dkt. No. 9]. The Court granted this relief on September 20, 2012 [Dkt. No. 10].

On March 26, 2013, the Court in *Rouse's* denied the motion to dismiss in its entirety [Dkt. No. 30]. Notably, the Court ruled that the plaintiffs' allegations sufficiently stated a facially plausible cause of action for a willful violation of FACTA. According to the Court, the following allegations (all of which were also made in this case) sufficed:

> [P]laintiffs allege that Rouse's had several years to comply with FACTA and the Clarification Act; that Rouse's received notice of the Receipt Provision from various credit card companies, payment system vendors, transaction processors, credit card processing device sellers, trade associations, and a Federal Trade Commissioner Business Alert; that Rouse's was a party to a contract requiring FACTA compliance; that Rouse's violated the Receipt Provision in multiple locations; that other grocery stores in the area were in compliance with the provision; and that Rouse's was exposed to publicity regarding FACTA and the Receipt

> Provision . . . The plaintiffs' allegations sufficiently state a cause
> of action for a willful violation of the Receipt Provision.

*Rouse's*, Dkt. No. 30 at 14-15.

The Defendant in this matter filed its Answer on April 30, 2013 [Dkt. No. 14].  Shortly thereafter, before Plaintiffs had the opportunity to conduct any discovery, Defendant moved for summary judgment [Dkt. No. 18].   In its Motion and Supporting Memorandum, Defendant provides *no evidence* that refutes any of the aforementioned allegations.   Rather, Defendant claims that its use of a vendor to install the machines immunizes it from any FACTA liability, because Defendant, who processed hundreds of thousands if not millions of non-compliant receipts, was purportedly neither aware (nor should have been aware) of its own conduct.   *See generally*, Defendant's Memorandum in Support of its Motion for Summary Judgment [Dkt. No. 18-1].   Defendant's *only* evidence in support of its motion for summary judgment consists of three affidavits [Dkt. Nos. 18-2, 18-3, and 18-4].

## III.    OPPOSITION TO DEFENDANT'S STATEMENT OF UNCONTESTED FACTS

### A.    The Court Should not Rely on Paragraphs 22-29, 32-39, 42-49, 53, 55, 56, 58, 60, and 62  in Defendant's Statement of Facts

Defendant's Statement of Uncontested Fact [Dkt. No. 20] ("DSF") contains 74 factual statements that are based not on empirical evidence or documents but merely the recitations of Defendant and its agent in the form of three affidavits.   As noted in Plaintiffs' Motion to Strike Portions of the Fernandez and Rushing Affidavits [Dkt. No. 22] and Memorandum in Support thereof [Dkt. No. 22-1], a number of paragraphs from Defendant's affidavits should be stricken for a number of reasons, including the best evidence rule, for a lack of personal knowledge, conclusory legal statements, hearsay, irrelevancy, and comprising inadmissible expert opinions. For the reasons set forth in Plaintiffs' Motion to Strike, the Court should consequently not rely

on the following paragraphs in Defendant's Statement of Facts: 22-29, 32-39, 42-49, 53, 55, 56, 58, 60, and 62.

These facts are heavily relied on in Defendant's Motion.  They deal with the purported responsibilities of Defendant versus that of Networks POS (DSF at ¶¶ 22, 25, 26, 32, 35, 36, 42, 45, 46), Defendant's oversight (or lack thereof) of the POS systems (*Id.* at ¶¶ 23, 24, 28, 33, 34, 38, 43, 44, and 48), Networks POS's supposed FACTA compliance measures (*Id.* at ¶¶ 29, 39, and 49), post-lawsuit efforts at FACTA compliance (*Id.* at ¶¶ 53 and 55), and Defendant's lack of knowledge (*Id.* at ¶¶ 56, 58, 60, and 62).  These facts should not be relied on in assessing Defendant's Motion for Summary Judgment, and the Court should deny Defendant's Motion on this basis alone.

### B.  Even Without Formal Discovery, a Genuine Dispute of Material Facts Exists as to Fact Numbers 1-4, 56, 58, 60, 62, 65, 67, and 69

Plaintiffs' Opposition to Defendant's Statement of Uncontested Facts is attached hereto ("PODSF").  Even without *any* discovery, Plaintiffs can at this time create a genuine dispute of material fact as to paragraphs 1-4, 56, 58, 60, 62, 65, 67, and 69.

A genuine dispute of material fact exists as to Defendant's Facts 1-4, which deal with the extent to which Robert Resources LLC manages, owns, operates, accepts credit card payments, and/or realizes profits from the Robert's grocery stores.  Namely, Plaintiffs are able to present the following evidence:

- On www.robertfreshmarket.com ("Defendant's Website"), which includes addresses to the various grocery stores, the "Contact Us" page lists "Robert Resources LLC" as the primary and only contact (PODSF at ¶ 1(a)-(c));

- Also on Defendant's Website, when one clicks on the a "link for management contact information", the first contact listed is "Robert Resources LLC" which is described as the "Robert Fresh Market / Lakeview Grocery Corp Offices" (PODSF at ¶ 1(d));

- A third-party provider of business information, Cortera Inc., has compiled a company profile of Robert Resources LLC, which describes Defendant as a "headquarters" providing "grocery stores" services with annual sales of $10 million (PODSF at ¶ 1(e));

- The I-9 tax form provided as part of Defendant's New Hire Packet for grocery store employees, available on Defendant's Website, lists "Robert Resources LLC" as the employer (PODSF at ¶ 1(f));

- Grocery store employees must sign an "acknowledgment" that they have "received a copy of the Company Safety Rules and Regulations Policy of Robert Resources LLC" (available on Defendant's Website) (PODSF at ¶ 1(h)); and

- Robert Fresh Market's "Associate Payroll Direct Deposit Sign Up Form", available on Robert's website, "authorize[s] Robert Fresh Market / Robert Resources…to automatically deposit [an employee's] payroll check into [the employee's bank] account" (PODSF at ¶ 1(g)).

Further, "Robert Resources LLC" was a named insured on at least six commercial insurance policies covering six different grocery stores. PODSF at ¶ 1(i)-(j). In 2006, Robert Resources LLC filed six lawsuits against its insurance carrier for damages to business income, improvements, business personal property, spoilage, and commercial crime at six of its stores. *Id.* In each case, the plaintiffs consisted of the named insureds "Robert Resources LLC" and the store-specific subsidiary. *Id.* This clearly contradicts Defendant's assertions that it lacks a financial interest in the individual grocery stores, as Defendant is a named insured of a commercial insurance policy covering contents and business interruption at the stores.

Clearly, Robert Resources LLC, which has developed and enforces the policies and procedures applicable to *all* of its grocery stores, which repeatedly lists itself as the primary management contact, which is the company that represents itself as the employer on IRS forms, and which claims an insurable interest on building and contents at each and every grocery store, is a proper party to this action. Plaintiffs' actual documentary evidence clearly creates a genuine dispute of material fact as to the conclusory allegations in Defendant's Statement of Facts.

Further, Defendant offers facts relating to the store-specific subsidiaries' purported lack of knowledge of non-truncation, which ended only with the service of Plaintiffs' complaint. DSF at ¶¶ 56, 58, 60, 62, 65, 67, 69.  Again, Defendant's conclusory assertions are belied by Defendant's own documents or assertions elsewhere.  Plaintiffs can present the following evidence which creates a genuine dispute of material fact:

- Defendant's "Associate Reference Guide", available on Defendant's Website, establishes policies for "Associate Purchases", whereby "[a] member of management must sign all receipts at the time of purchase", "[t]he register receipt is to be attached to any purchase used or consumed in the store", and "[a]ssociates must be able to produce a receipt on demand when requested by store management" (PODSF at ¶ 56(a));

- Defendant's "Associate Reference Guide" also includes a "Register Till Responsibility" and "Currency Acceptance" section, which declares that Robert's employees "are responsible for all customer signed slips" (PODSF at ¶ 56(b));

These facts alone contradict Defendant's assertions that it "had no knowledge that it was printing non-truncated credit card receipts" (DSF at ¶¶ 56, 58, 60) and that it and its subsidiaries "review of…the complaint…was the first and only time it was advised that its credit card machines [were] printing expiration dates for credit cards on customer receipts" (DSF at ¶¶ 65, 67, 69) (*see also* ¶ 62: complaint was first notice of FACTA violations).

Therefore, even without the benefit of any discovery, Plaintiffs can at this time create a genuine dispute of material fact as to paragraphs 1-4, 56, 58, 60, 62, 65, 67, and 69.  This alone warrants denial of Defendant's Motion for Summary Judgment in its entirety.

**C.     Defendant's Purported Facts do not Apply to all the Stores that are the Subject of this Lawsuit, nor do they Apply to the Defendant in this Case**

Also, Defendant mistakenly contends that there are only "three (3) grocery store locations made the subject of Plaintiffs' lawsuit[.]"  Def. Br. at 2.  The Class is not limited to such, and Defendant operates and/or manages other stores, such as, for example, the Robert Fresh Market

at 5016 West Esplanade Ave. in Metairie, Louisiana.  Ex. 1 at 2-3.  Thus, Defendant has offered *no facts* as to any of its stores, except for those located at 135 Robert E. Lee Boulevard, 8115 South Claiborne Avenue, and 801 Harrison Avenue, and summary judgment should be denied for this reason alone.

By the same token, Defendant makes conclusory statements about the knowledge of the smaller store-specific companies, but fails to make the same statements regarding the Defendant in this action, Robert Resources LLC.  For example, Defendant asserts that "M. Robert Enterprises[,]…Claiborne Fresh Market LLC[, and]…Harrison Fresh Market LLC had no knowledge that it was printing non-truncated credit card receipts until June 13, 2012."  DSF at ¶¶ 56, 58, 60.  Yet Defendant fails to even assert that the Defendant in this case, Robert Resources LLC, lacked knowledge.  *See also* DSF at ¶ 63 ("[n]o customers at 135 Robert E. Lee Blvd., 8115 South Claiborne Avenue, or 801 Harrison Avenue have ever complained directly to M. Robert Enterprises, Inc., Claiborne Fresh Market LLC or Harrison Fresh Market LLC").  Thus Defendant's conclusory statement, even if accepted as true (which they should not be), do not even reach the Defendant in this case.

    **D.**    **Alternatively, Plaintiffs Seek Discovery as to a Number of Material Facts and Additional Facts Alleged in Plaintiffs' Complaint**

As explained below, even with the facts alleged by Defendant, summary judgment is not appropriate.  Alternatively, in Plaintiffs' Opposition to Defendant's Statement of Uncontested Facts, Plaintiffs explain what discovery is needed as to each of Defendant's purported facts.  Not only is discovery needed of Defendant's somewhat far-fetched factual assertions, but discovery is also needed as to the Plaintiffs' own allegations.

A number of Defendant's purported facts are of questionable veracity, warranting discovery.  Mr. Rushing of Network POS, for example, states that "all POS systems…were

programmed by Network POS Inc. to comply with [FACTA]" and that "Network POS Inc. printed test receipts and confirmed [that] no expiration date for either or credit or debit cards was shown on the printed receipts." Dkt. No. 18-4 at ¶¶ 12, 14. And since installation, Network POS performed all "on-site equipment and software support / maintenance for [those] POS systems." *Id.* at ¶ 15. And yet, despite his purported testing and maintenance, Mr. Rushing testifies that "[t]he first indication that the credit card machines…may not have been printing…FACTA compliant receipts was when I was told of the lawsuit…on June 13, 2012." *Id.* at ¶ 41. Quite remarkably, Mr. Rushing testifies that "[i]t is impossible to ascertain why or when [the machines] began disclosing expiration dates" yet in the same breath remarks that he "reprogrammed" the machines to comply with the law.  *Id.* at ¶ 40, 46. Defendant muses that this is a mystery better-left unsolved, simply stating that violations of federal law occurred due to "reasons unknown" (Def. Br. at 15). Clearly, there are a number of far more believable scenarios relating to the programming of Defendant's machines (such as the machines not being programmed correctly to begin with). In any event, Defendant's conclusory statements, which provide no explanation whatsoever for their violations of federal law, warrant discovery.

Still other of Defendant's "facts" leave more questions than answers. For example, Defendant asserts that:

> Although the POS systems…can print a "stub" that is detached from the customer's receipt and is retained by the retailer, the information included on this stub is not the same information that is printed on a customer receipt and the mere fact that certain information is included on the stub does not mean that the same information was included on the customer's receipt.

(DSF at ¶ 72). It is true that merchant retained receipts contain information that "is not the same that is printed on a customer receipt"; for example, the merchant retained receipt typically says "Merchant Copy" while the customer retained receipt says "Customer Copy". It is fairly safe to

assume that had the "merchant copies" been truncating the expiration date, that Defendant would have stated so, instead of evasively contending that the (presumed) fact that it has in its possession hundreds of thousands, if not millions, of non-compliant merchant copies of receipts is meaningless as to a finding of Defendant's willfulness or recklessness.

Further, in addition to testing the veracity of Defendant's facts, discovery is needed to confirm the additional facts alleged in Plaintiffs' complaint.  Notably, Defendant's facts do nothing to controvert Plaintiffs' allegations which this Court in a related matter has already ruled, if true, facially establishes a willful violation of FACTA.  *See Ticknor et al. v. Rouse's Enterprises, LLC*, No. 12-1151 (E.D. La. Mar. 26, 2013) (Order Denying Motion to Dismiss).[1] Thus, even if discovery confirms the truth of Defendant's purported facts (which is highly unlikely), a reasonable jury may nevertheless conclude that Defendant willfully violated FACTA in light of further facts alleged by Plaintiffs (see footnote 1 herein).

Pursuant to the Court's May 10th Order [Dkt. No. 19], Plaintiffs believe they will need approximately 11 months for discovery (modeled on the *Rouse's* CMO).  During this time, Plaintiffs can take both merits and certification discovery pursuant to a case management order.

## IV.   LAW AND ARGUMENT

### A.   Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

---

[1] Specifically, the Court held that "Plaintiffs' Complaint states a facially plausible cause of action for a willful violation" as it pled that "that Rouse's had several years to comply with FACTA and the Clarification Act; that Rouse's received notice of the Receipt Provision from various credit card companies, payment system vendors, transaction processors, credit card processing device sellers, trade associations, and a Federal Trade Commissioner Business Alert; that Rouse's was a party to a contract requiring FACTA compliance; that Rouse's violated the Receipt Provision in multiple locations; that other grocery stores in the area were in compliance with the provision; and that Rouse's was exposed to publicity regarding FACTA and the Receipt Provision." *Rouse's* at *14-15.

R. Civ. P. 56(a).  The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In the FACTA context, "[t]o determine that willfulness does not present a jury question in this case, the court would have to conclude that no reasonable jury could find that [a defendant's] conduct created a 'risk [of violation] substantially greater than that which is necessary to make [its] conduct negligent.'"  *Edwards v. Toys "R" Us*, 527 F.Supp.2d 1197, 1210 (C.D. Cal. 2007) (quoting *Safeco*, 127 S.Ct at 2215).

## B. Summary Judgment is not Appropriate as to Defendant's Willful / Reckless Violations of FACTA

Even under the conclusory affidavits and purported "facts" alleged by Defendant, summary judgment is not appropriate as to Defendant's "willful" or "reckless" violations of FACTA.  Defendant's ability to meet its burden becomes even more insurmountable when the Court considers those purported facts which should be stricken as well as those in which Plaintiffs have presented evidence creating a genuine dispute (*see* Sections III(A) and III(B), *supra*).

### 1. FACTA's Willfulness Requirement

The FCRA provides that any "person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to 1) statutory damages of not less than $100 and not more than $1,000; 2) punitive damages; and, 3) attorney fees and costs."  15 U.S.C. § 1681n(a).  The Supreme Court construed "willfully" in §1681n(a) as including both "knowing" and "reckless" violations of FACTA.

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56-57 (2007).  Recklessness entails "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 68.  Further, recklessness need not entail an objective "risk of harm" to the plaintiff, but only a "reckless disregard of statutory duty[.]" *Id.* at 57.  Willfulness under FACTA requires an objective inquiry into the actor's understanding, meeting a standard of "something more than negligence but less than knowledge of the law's requirements." *Murray v. New Cingular Wireless Servs., Inc.*, 523 F.3d 719, 726 (7th Cir. 2008).

> **2.    Defendant cannot meets its burden as to a lack of a "knowing" and/or "reckless" violation of FACTA**

>> **(a)    willfulness / recklessness under FACTA is rarely appropriate for summary judgment**

Defendant, which fails to present *any evidence* challenging the assertions made in Plaintiffs' complaint (see footnote 1), cannot meet its burden as to knowing and/or reckless violation of FACTA.  In FACTA cases, courts overwhelmingly deny summary judgment on the issue of willfulness, finding that "[w]ilfulness under the FCRA is generally a question of fact for the jury." *Edwards v. Toys "R" Us*, 527 F.Supp.2d 1197, 1210 (C.D. Cal. 2007) (denying summary judgment on issue of willfulness); *Shurland v. Bacci Café & Pizzeria on Ogden, Inc.*, 259 F.R.D. 151 (N.D. Ill. 2009) (denying summary judgment on issue of willfulness as genuine fact existed as to whether defendant was aware of FACTA's requirements); *Cowley v. Burger King*, No. 07-21772, 2008 WL 8910653 at *4, 14 (S.D. Fla. May 23, 2008) ("whether or not Defendant knowingly and intentionally violated the statute is for the jury to decide"); *Soualian v. International Coffee & Tea, LLC,* No. 07-502, 2008 WL 410618 at *4 (C.D. Cal. Feb. 9, 2008) (denying summary judgment on issue of willfulness as genuine fact existed as to whether defendant was aware of FACTA's requirements); *Shurland v. Bacci Café & Pizzeria On Ogden,*

*Inc.*, No. 08-2259, 2011 WL 3840339 at *7 (N.D. Ill. Aug. 30, 2011) (denying FACTA willfulness summary judgment as the exercise required "a factual determination as to whether Defendant's actions were merely negligent, or were reckless or otherwise willful [and] [t]hat determination must be made by a jury"); *Aliano v. Joe Caputo and Sons*, No. 09-910, 2011 WL 1706061 (N.D. Ill. May 5, 2011) (denying summary judgment because conflicting evidence as to when Defendant became aware of FACTA's requirements and further that "issues of intent are usually improper to decide on summary judgment").

Courts resolving willfulness under FCRA (but not necessarily FACTA) reach the same result. *See, e.g., Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("[t]he reasonableness of the procedures [to comply with the law] and whether the [defendant] followed them will be jury questions in the overwhelming majority of cases"); *Cahline v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991) (defense that a non-FCRA compliant credit "report was generated by following reasonable procedures [is] a jury question in the overwhelming majority of cases"); *Lenox v. Equifax Information Services LLC*, No. 05–01501, 2007 WL 1406914 at *6 (D. Or. May 7, 2007) ("the determination as to whether defendant's action or inaction rises to the level of willfulness so as to violate the statutory obligations of the FCRA is also a question of fact"); *Cairns v. GMAC Mortgage Corp.*, No. 04–1840, 2007 WL 735564 at *8 (D. Ariz. Mar. 5, 2007) ("in this case, like in the overwhelming number of cases in which state of mind is dispositive, the issue of punitive damages is best left for the trier of fact to determine"); *Smith v. Bob Smith Chevrolet, Inc.*, 275 F.Supp.2d 808, 821 (W.D. Ky. 2003) (in assessing FCRA willfulness claim, "[q]uestions involving a party's state of mind are generally appropriately resolved by a jury rather than on summary judgment.").

Similarly here, Defendant's motion asks the Court to weigh evidence and make credibility issues as to Defendant's state-of-mind, which are issues best left to the fact-finder. The Court should follow the overwhelming majority of courts that have addressed summary judgment in a willful FCRA/FACTA violation context and deny summary judgment.

**(b)      Defendant's facts should be stricken and/or are contradicted by Plaintiffs' evidence**

As noted in Sections III(A)-(B), *supra*, a number of Defendant's purported facts should be stricken while a genuine dispute exists as to many others.  Plaintiffs have moved to strike evidence which would nullify Defendant's facts as to the responsibilities of Networks POS, Defendant's lack of POS systems oversight, pre- and post-complaint FACTA compliance measures by Networks POS, and Defendant's lack of knowledge.

Further, as explained in Section III(B), *supra,* even if the Court were to deny Plaintiffs' Motion to Strike, Plaintiffs have put forth sufficient evidence to create genuine disputes of fact as to numerous issues germane to Defendant's Motion.  These include the extent of Defendant's role in managing the individual grocery stores as well as the store-specific subsidiaries purported lack of knowledge that credit card receipts were not properly truncated.

Finally, as addressed in Section III(C), Defendant's purported facts only relate to three of Defendant's stores.  Defendant has failed to present any evidence as to its other grocery store locations, and thus summary judgment should be denied.

**(c)      Even accepting Defendant's facts as undisputed, Defendant still cannot prevail on summary judgment**

Alternatively, even if the Court were to find that all of Defendant's purported facts were properly established and undisputed (which, as explained previously, they are not), summary judgment is still not appropriate.  Even under Defendant's facts, a reasonable jury might find that

Defendant's conduct created a risk of FACTA violations substantially greater than that which is necessary to make its conduct negligent.

Here, Defendant asserts that "Networks POS Inc. provided [Defendant] with a proposal for the purchase, installation and maintenance of all POS systems" and Defendant "relied on Mr. Rushing's expertise and his assurances to it that all POS systems…would consist of the latest technology and would comply with all applicable laws and regulations related to POS systems." DSF at ¶¶ 22-23.  Networks POS "printed test receipts and confirmed that…no expiration date for either credit or debit cards was shown" and "[f]ollowing installation, [Defendant's Chief Administrative Officer] was told by…Mr. Tim Rushing that all POS systems…had been properly programmed by Networks POS Inc. to comply with all applicable laws and regulations." *Id.* at ¶¶ 28-29.  "Since installation…and continuing up until the present, Networks POS Inc. has performed the on-site equipment and software support/maintenance for all POS systems[.]" *Id.* at ¶ 30.  Further, although the "POS systems…can print a 'stub' that is detached from the customer's receipt and is retained by the retailer, the…mere fact that certain information is included on the stub does not mean that the same information was included on the customer's receipt." *Id.* at ¶ 72.

These facts do *not* claim that Defendant was unaware of the requirements of FACTA. Nor do these facts establish that Defendant made any attempt to specifically comply with FACTA, other than buying machines which it presumed "would comply with all applicable laws and regulations".  Nor do the facts establish that Defendant or Networks POS had any post-installation FACTA monitoring in place, stating instead that general maintenance was done by Networks POS.  Indeed, Mr. Rushing's own affidavit asserts that "[i]t is impossible to ascertain *why or when* the POS systems…began disclosing expiration dates", which is an admission that

no monitoring occurred following installation.  Dkt. No. 18-4 at ¶ 46.

In *Edwards v. Toys "R" Us*, the merchant (similar to Defendant) attempted to affix blame for FACTA non-compliance on a third-party servicer of its POS systems.  In addition to questions of vicarious liability, the Court denied Toys' motion for summary judgment on the issue of willfulness on two other grounds, namely because (1) "[a] reasonable jury, however, could conclude that Toys recklessly failed to train its quality assurance personnel on the requirements of FACTA" and further that (2) "a reasonable jury could conclude that the fact that Toys did not discover the violation until suit was filed indicates that its monitoring processes (or lack thereof) created an 'unjustifiable risk' that it would violate the statute."  *Toys "R" Us*, 527 F.Supp.2d at 1214, 1215.  Likewise here, even under the facts alleged by Defendant, a reasonable jury could still conclude that Defendant failed to adequately train its personnel to look for FACTA violations and/or failed to have an adequate monitoring process.[2]  Mr. Rushing's affidavit that it is "impossible to ascertain why or when" the POS systems became non-complaint is more than enough for a reasonable jury to conclude that Defendant failed to have adequate monitoring in place.

In another FACTA truncation case, *Aliano v. Joe Caputo and Sons*, No. 09-910, 2011 WL 1706061 at *1 (N.D. Ill. May 5, 2011), the defendant (a grocery store), hired a third-party contractor "[t]o implement its electronic transaction system[.]"  The contractor "purchased, upgraded, and maintained the equipment for Defendant's point-of-sale system, which included

---

[2] Notably, the Court in *Toys "R" Us* pointed to the fact that "Toys' receipts were out of compliance with FACTS for more than a month before this suit was brought" as supporting the notion that "Toys…appears to have no monitoring procedure in place to ensure that it complied with the law."  Here, while Defendant (somewhat unbelievably) contends that it cannot determine how long it has not been in compliance, it is undisputed that the Defendant was non-compliant at least between the time Plaintiff Doores received a non-compliant receipt on May 18, 2012 and the date which Defendant says it began to comply with the law, June 13, 2012.  Mr. Doores' receipt is attached hereto as Exhibit 9 (the expiration date has been redacted by Plaintiff for privacy reasons).

the equipment to print credit and debit card receipts" and also "selected and installed" the software for the POS system.  *Id.*  On these facts, the defendant moved for summary judgment, claiming "it did not know that this software did not comply with FACTA's truncation requirements until [p]laintiff filed this lawsuit, and that it relied completely on ISSI for its FACTA truncation compliance."  The Court denied Defendant's motion as to "knowing" violations because disputed facts alleged that Defendant knew of FACTA's requirements prior to the date on which non-compliant receipts were issued.  *Id.* at *3.  The Court also noted that Defendant's conduct implicated "reckless" conduct as well:

> Defendant could argue that it did not know that its credit and debit card receipts violated FACTA despite knowing of the statute's truncation requirements. However, if Defendant knew of these requirements, and did not make efforts to determine if it complied with the statute, a genuine issue of material fact exists whether it recklessly violated the statute.

*Id.* at *3.  Although the Court conceded that "good-faith reliance on a company experienced with point-of-sale systems and assurances from [that company] that it complied with FACTA" *may weigh* against a finding of recklessness, the Court nevertheless held that such 'weighing' was an exercise for the jury to perform, denying Defendant's summary judgment motion.  *Id.* at *4-5.

Here, Defendant does not contend that it did not know about the requirements of FACTA.[3]  Further, Defendant made no efforts specifically aimed at complying with FACTA, nor did it have any monitoring to ensure FACTA compliance in place.  Thus, the Court in this case should likewise deny Defendant's Motion for Summary Judgment.  Whether as to a "knowing" violation or "reckless" violation of FACTA, Defendant cannot meet its summary judgment burden.

---

[3] As noted above, courts cite a dispute as to whether a defendant was merely *aware of FACTA's requirements* as a basis for denying summary judgment on the issue of willfulness.  Here, Defendant does not even purport to have a lack of knowledge as to FACTA's requirements; and thus Defendant cannot meet its summary judgment burden.

(d)     **Defendant's two cases are outlier opinions, and are also distinguishable**

Defendant ignores the overwhelming majority of cases, focusing the Court's attention instead to two outlier, unpublished decisions.  As noted above, these two cases break from the majority of FCRA/FACTA caselaw which finds that issues of willfulness are properly left to juries.  Incidentally, the facts in Defendant's two cases are distinguishable from those here.

In *Najarian v. Charlotte Russe*, No. 07-501, 2007 U.S. Dist. LEXIS 95606 (C.D. Cal. Aug. 16, 2007), the defendant was alleged to violate FACTA's receipt provision until late January 2007.  *Id.* at *1-2.  The Court cited a document[4] signed by Defendant which "requested truncation of both the credit card number and the expiration date."  *Id.* at *2.  Thus the Court found that the defendant "requested and purchased a [POS software] modification to truncate the expiration date, and in fact, actually attempted to comply with the new statutory provisions."  *Id.* at *3.

Defendant also cites *Keller v. Macon County Greyhound Park, Inc.*, No. 07-1098, 2011 WL 1559555 (M.D. Ala. Apr. 25, 2011).  In *Keller*, the defendant's POS software crashed in October 2007, which caused FACTA-violating receipts to have been printed until December 5, 2007 (two weeks *before* plaintiffs filed their complaint) after the defendant itself initiated a review to determine if its receipts were FACTA compliant and caught the error.  *Id.* at *2-3. Under these facts, the Court concluded that plaintiffs had not raised a genuine issue of material fact that defendants acted willfully or recklessly.  *Id.* at *4.  Importantly, the plaintiffs in *Keller* provided "no supporting facts that [defendant] acquired knowledge that it was printing FACTA violative receipts prior to December 5, 2007."  *Id.*

---

[4] As noted in Plaintiffs' Motion to Strike, Defendant's failure to provide the actual documents violates the best evidence rule and warrants striking those allegations which go to the contents of the documents in question.

Plaintiffs submit that the decisions in *Najarian* and *Keller* are not reflective of the vast majority of FACTA decisions. For example, the Court in *Toys "R" Us* distinguished *Najarian*:

> While the *Najarian* court considered the fact that defendant did not knowingly violate FACTA, the order did not address whether defendant's conduct could be characterized as reckless. Here, assuming, without deciding, that Toys did not "know" that the software modification would result in a violation of FACTA, this does not end the willfulness inquiry. Rather, the court must examine whether Toys' action created an 'unjustifiably high risk' of harm.

*Toys "R" Us*, 527 F.Supp.2d at 1212 (citing *Safeco*, 127 S.Ct. at 2215); *see also id.* at 1211 ("The court respectfully disagrees with the reasoning in *Najarian*"). The Court also disagreed with the *Najarian* finding of "good faith" on summary judgment, noting that "'good faith is generally a question of fact.'" *Id.* at 1216 (quoting *Bagdadi v. Nazar*, 84 F.3d 1194, 1200 (9th Cir. 1996); *United States v. Vista Paint Corp.*, 976 F.2d 739, 1992 WL 236898 at *4 (9th Cir. Sept. 24, 1992) ("Vista's good faith was a question of fact that should not have been decided on summary judgment").[5] *Najarian* and *Keller* are outlier opinions which do not reflect the majority of FACTA caselaw which hold that summary judgment as to willfulness under FACTA is rarely appropriate.

Further, the facts in this case are distinguishable from those in *Najarian* and *Keller*. Unlike the defendant in *Najarian*, which specifically sought out software to truncate its expiration dates, Defendant here puts forth no evidence that it specifically sought out to comply with FACTA. Rather, Defendant asserts it just vaguely "relied on Mr. Rushing's expertise and his assurances to it that all POS systems…would comply *with all applicable laws and regulations*" (DSF at ¶ 23), but says nothing specific as to *FACTA*-compliance efforts.

---

[5] Also of note, *Najarian* was appealed to the Ninth Circuit, but was settled in July 2008 while the appeal was pending.

*Keller* is likewise distinguishable, where the defendant itself, through its own monitoring, actually discovered the lack of compliance and fixed the issue prior to the plaintiff filing the complaint.  Here, by contrast, Defendant puts forth no evidence of any monitoring for FACTA compliance following the installation of POS systems; rather Defendant merely states that "[s]ince installation…and continuing up until the present, Networks POS Inc. has performed the on-site equipment and software support/maintenance for all POS systems", but there is no indication that anyone ever tested the machines for *FACTA* compliance.  *Id.* at ¶ 30.  Thus, as the *Toys "R" Us* Court concluded, summary judgment should be denied here, where even accepting all of Defendant's facts, a reasonable jury could conclude that Defendant's lack of oversight and lack of FACTA-compliance monitoring rises to a level of recklessness.

Further, any failure to truncate expiration dates in *Najarian* and *Keller* occurred in 2007, before FCRA's Clarification Act was passed on June 3, 2008 providing retroactive relief for companies accused of violating the expiration date portion of the receipt provision.  Such is not the case here, where Plaintiffs allege that Defendant "had several years to comply with FACTA and the Clarification Act[.]"  *Rouses* at 14.  As noted by many courts, the Clarification Act actually makes it *harder* for defendants to resist accusations of willful noncompliance for post June 3, 2008 noncompliance.  *See, e.g., Sander v. W&W Wholesale Inc.*, No. 11-3557, 2011 WL 4840978 at *2 (N.D. Ill. Oct. 12, 2011) ("[t]he existence of the Clarification Act actually undercuts [defendant's] position that it was somehow confused since Congress had already provided the relevant clarification well before [defendant] engaged in the alleged violations."); *see also Buechler v. Keyco, Inc.*, No. 09-2948, 2010 WL 1664226 at *3 (D. Md. Apr. 22, 2010) (denying motion to dismiss and finding that publication of the "2007 Clarification Act (which required expiration date truncation)" *supported* plaintiff's allegations of willful conduct).

19

**3.**     **Alternatively, summary judgment is not appropriate as to the question of whether Defendant is vicariously liable for the actions of Network POS and/or its employees**

Alternatively, summary judgment is not appropriate because Defendant's motion raises issues of vicarious liability not appropriate for summary judgment.  Such an inquiry includes Defendant's vicarious liability for Networks POS as well as for Defendant's own employees.

In *Toys "R" Us*, the merchant collaborated with NCR Corporation to implement upgrades to its POS systems.  *Toys "R" Us*, 527 F.Supp.2d at 1203.  Defendant moved for summary judgment, contending that NCR was an "outside contractor", and thus "the parties' dispute [on this issue] concerns whether [the NCR employee] was Toys' agent and thus whether her intent may be imputed to Toys."  *Id.* at 1205.  The Court rejected Toys' argument, citing several decisions in which courts "have held that corporations can be vicariously liable for FCRA violations committed by their employees."  *Id.* at 1212.  Importantly, the Courts noted that "'[f]ailure to impose vicarious liability on a corporation ... would allow it to escape liability for 'willful' or 'negligent' violations of the statute.  Because a company ... can act only through its agents, it is difficult to imagine a situation in which a company would ever be found to have willfully violated the statute directly'") (quoting *Jones v. Federated Financial Reserve Corp.*, 144 F.3d 961, 966 (6th Cir. 1998)).  Even though the person at issue was an NCR employee, the Court denied Defendant's motion for summary judgment, finding that the question of whether she was Toys' agent is a "question of fact that would typically be determined by the jury."  *Id.* at 1213.  A purported "independent contractor status" is not dispositive on issues of agency.  *Id.*

The same can be said of Defendant's vicarious liability for the conduct and knowledge of its employees, about which Defendant's affidavits and Statement of Facts say nothing.  Rather, Defendant merely states that the companies, which are run by individuals (such as Mr.

Fernandez) who are not even located in the actual grocery stores, had no knowledge as to various events.  Defendant asserts, for example, that "M. Robert Enterprises, Inc. had no knowledge that it was printing non-truncated credit card receipts" (DSF at ¶ 56) but does not assert the same for its own employees.  Defendant's Motion and supporting affidavits provide no evidence that its employees (or even store managers) were similarly ignorant as to what was happening in Defendant's store.  Accordingly, under principles of vicarious liability, Defendant has failed to meet its summary judgment burden, and Defendant's Motion must be denied.

C.   **Evidence Exists to Find that Robert Resources LLC is a Proper Party Defendant**

Further, Plaintiffs have put forth considerable evidence that there is an agency relationship between Robert Resources and the various store-specific companies which Defendant contends are the "proper" defendants in this case.  Indeed, Plaintiffs put forth evidence that Robert Resources LLC is acting as a management company, developing and enforcing many of the policies that apply across the various grocery stores.  *See* Section III(B), *supra.*  Under either scenario (whether Defendant is a management company, a parent company, or enjoys an agency relationship with the store-specific companies), summary judgment should be denied.  Questions about whether the knowledge of the store-specific companies should be imputed to Robert Resources, LLC (and vice-versa) is a question better left to the jury.  Plaintiff has provided adequate evidence creating a genuine dispute of material fact.

V.   **CONCLUSION**

For all of the aforementioned reasons, Defendant's Motion for Summary Judgment should be denied in its entirety.  Alternatively, the Court should suspend briefing on Defendant's Motion until Plaintiffs can take additional discovery, and convene the parties to enter a case management order setting forth these dates as well as other dates germane to the case.

Dated: May 28, 2013                 Respectfully submitted,

                                     **HERMAN, HERMAN & KATZ, LLP**

                      By:   */s/ Soren E. Gisleson*
                                Russ M. Herman (La. # 6819)
                                Stephen J. Herman (La. # 23129)
                                Soren E. Gisleson (La. # 26302)
                                820 O'Keefe Avenue
                                New Orleans, Louisiana 70113
                                Tel: (504) 581-1892
                                Fax: (504) 561-6024
                                rherman@hhkc.com
                                sherman@hhkc.com
                                sgisleson@hhkc.com

                                Brian T. Ku (*pro hac vice*)
                                M. Ryan Casey (La. # 31092)
                                **KU & MUSSMAN, P.A.**
                                12550 Biscayne Blvd., Suite 406
                                Miami, Florida 33181
                                Tel: (305) 891-1322
                                Fax: (305) 891-4512
                                ryan@kumussman.com

                                *Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of May, 2013, a true and correct copy of the foregoing has been served upon all counsel of record *via* Notice of Electronic Filing.

                                */s/ Soren E. Gisleson*
                                Soren E. Gisleson, Esq.