UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SAMUEL DOORES, et al.,                                              CIVIL ACTION
    Plaintiffs

VERSUS                                                              No. 12-1499

ROBERT RESOURCES, LLC,                                              SECTION "E"
    Defendant

ORDER AND REASONS

Before the Court are two motions: (1) defendant's motion for summary judgment;[1] and (2) plaintiffs' motion to strike portions of two affidavits attached to defendants' motion.[2] Plaintiffs oppose defendant's motion for summary judgment,[3] and defendant has filed a reply memorandum in further support of that motion.[4] Defendant opposes plaintiffs' motion to strike.[5] For the reasons set forth below, defendant's motion for summary judgment is denied without prejudice. Plaintiffs' motion to strike is dismissed as moot.

This case is a putative class action involving a group of plaintiffs who purchased groceries from defendant, an operator of a chain of local grocery stores. Plaintiffs claim defendant failed to truncate the expiration dates for plaintiffs' respective credit cards when it issued receipts for those transactions. Because they say other individuals have had this same experience, they seek to have this case certified as a class action under Federal Rule

---

[1] R. Doc. 18.

[2] R. Doc. 22. Specifically, plaintiffs seek to strike portions of Richard Fernandez's affidavit, R. Doc. 18-3, and James Rushing's affidavit. R. Doc. 18-4.

[3] R. Doc. 24.

[4] R. Doc. 28.

[5] R. Doc. 25.

1

of Civil Procedure 23. Plaintiffs claim defendant's failure to truncate the expiration dates amounted to a violation of the "Receipt Provision" of the Fair and Accurate Credit Transactions Act ("FACTA"). *See* 15 U.S.C. § 1681c(g)(3). Plaintiffs do not claim to have suffered actual damage as a result of defendant's violation. Instead, plaintiffs claim defendant's willful violation entitles them to statutory and punitive damages under 15 U.S.C. § 1681n.

In the motion for summary judgment now before the Court, defendant seeks judgment as a matter of law on two issues. First, defendant argues "no amount of discovery is going to change the fact" that defendant's violations of the Receipt Provision were not willful and, because plaintiff's only claim in this case is that defendant's actions were willful, defendant argues plaintiff has no viable claim as a matter of law. Second, defendant argues that the named defendant - Robert Resources, LLC - is not the proper party defendant in this action and thus plaintiffs have no claim against the named defendant as a matter of law. In response, plaintiffs argue issues of material fact exist with respect to both issues raised by defendant, and thus defendant is not entitled to summary judgment on either. In the alternative, plaintiffs state that further discovery is necessary in this case, and thus request defendant's motion for summary judgment either be denied without prejudice, or at least deferred, pursuant to Rule 56(d).[6]

---

[6] This case was filed on June 12, 2012. R. Doc. 1. The case was almost immediately stayed, however, pending this Court's resolution of a pending motion to dismiss in a similar FACTA case, *Robert Ticknor et al v. Rouses Enterprises, LLC*, Civil Action No. 12-1151. *See* R. Docs 8 & 9. After the Court resolved the pending motion in the *Ticknor* case, this case was transferred to this Court. R. Doc. 13. Defendant then answered the complaint, *see* R. Doc. 14, and proceeded to file the motion for summary judgment now before the Court. In the meantime, the parties agreed to suspend the deadline for plaintiffs to file a motion for class certification, *see* R. Doc. 30, and for the entry of a case management / scheduling order until after the summary judgment motion was resolved. R. Doc. 19. To date, the parties have exchanged virtually no discovery in connection with this case.

Under Rule 56(d) of the Federal Rules of Civil Procedure,[7] if a party opposing a motion for summary judgment shows, by way of affidavit or declaration, that for some specific reason it cannot present facts essential to justify its opposition, the Court may defer consideration of the summary judgment motion, deny it, allow time for the non-moving party to obtain affidavits or declarations or to take discovery, or issue any other appropriate order. FED. R. CIV. P. 56(d). The Rule is "designed to safeguard against a premature or improvident grant of summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Rule 56(d) motions are "generally favored, and should be liberally granted." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999) (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).

"[T]o justify a continuance, the [Rule 56(d)] motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact." *Stearns Airport Equip.*, 170 F.3d at 534–35 (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)). The party seeking a continuance under Rule 56(d) "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'" *Id.* at 535 (quoting *Washington*, 901 F.2d at 1285). A party is not entitled to a Rule 56(d) continuance if it has not diligently pursued discovery. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 28 F.3d 1388, 1397 (5th Cir. 1994).

---

[7] On December 1, 2010, the provisions of former subdivision (f) of Rule 56 were carried forward, without substantial change, to subdivision (d). Accordingly, while case law prior to this change references Rule 56(f) instead of Rule 56(d), pre-2010 cases still hold precedential and persuasive value and are fully applicable to this case.

Plaintiffs have satisfied both the technical and substantive requirements for relief under Rule 56(d). Despite defendant's arguments to the contrary, the issues raised by its summary judgment motion are fact-intensive, and plaintiffs have satisfied their burden of explaining which specific facts they seek through discovery, why they should be allowed to conduct further discovery, and how that discovery will likely produce an issue of material fact.[8] The Court finds the appropriate resolution of the motions now before it is to deny defendant's motion for summary judgment without prejudice, dismiss plaintiffs' motion to strike as moot, and order the parties to submit a joint case management order. The case management order should include deadlines for discovery, for defendant to re-file its motion for summary judgment, if necessary, and for either party to file any other motion needing to be heard before the hearing on plaintiffs' forthcoming motion for class certification.

Accordingly, **IT IS ORDERED** that defendant's motion for summary judgment be and hereby is **DENIED WITHOUT PREJUDICE**, pursuant to Rule 56(d).

**IT IS FURTHER ORDERED** that plaintiffs' motion to strike be and hereby is **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that the parties shall confer and submit a joint proposed case management order no later than **August 16, 2013,** at **5:00 p.m.** The proposed case management order shall include all deadlines and dates leading up to a hearing on plaintiffs' forthcoming motion for class certification, as well as all deadlines and

---

[8] Plaintiffs argue that even without discovery, issues of fact exist, and that if discovery is allowed to proceed, it will be even more clear that there are genuine issues of material fact precluding summary judgment in defendant's favor. *See* R. Doc. 24-10 (plaintiffs' response to defendant's statement of uncontested facts).

dates between the class certification hearing and the jury trial of this matter. The parties are advised to consult the case management order entered in *Robert Ticknor et al v. Rouses Enterprises, LLC*, Civil Action No. 12-1151, for guidance in crafting the proposed case management order in this case.

New Orleans, Louisiana, this __8th__ day of August, 2013.

                                                    **SUSIE MORGAN**
                                  **UNITED STATES DISTRICT JUDGE**